**John Cornelius DALY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17513.**

United States Court of Appeals Eighth Circuit.

Dec. 3, 1963.

James J. Rankin, St. Louis, Mo., for appellant.

D. Jeff Lance, U. S. Atty., and Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

The appeal is from a conviction for armed robbery of a federal savings and loan association, in violation of 18 U.S.C. § 2113(a) and (d). The appeal is being permitted to be docketed without payment of fee, but leave to proceed further in forma pauperis is being denied, and the appeal will be dismissed as frivolous.

The offense involved was committed on September 25, 1959, with indictment being returned on April 21, 1960, and trial being had in January, 1961. Appellant had in the meantime been convicted of a state offense and sentenced on July 29, 1960, to the Missouri State Penitentiary for a term of five years. His federal sentence of twenty years was made to run consecutively to the state sentence, and following the imposing of the federal sentence he was returned to the Missouri State Penitentiary.

Notice of appeal from the federal conviction was received by the Clerk of the District Court on February 16, 1961, within ten days from the date of entry of judgment and of order overruling the motion for new trial, which notice was marked "lodged", but not filed. On application made to us about a year later, we directed the District Court to make filing of the notice of appeal nunc pro tunc and to rule upon the question whether the attempt to appeal was frivolous. The District Court certified that the appeal legally was not taken in good faith.

On application thereafter made to us for leave to appeal in forma pauperis notwithstanding the District Court's certificate, we appointed counsel, who had been the attorney for appellant on the trial, and thus was familiar with the proceedings, to represent him on his request for leave to appeal in forma pauperis and in making indication of any question which he felt could not on its face properly be declared to be frivolous. We also requested him, if possible, to work out with the United States Attorney a summary or statement in relation to the proceedings, sufficient to provide an informational setting as to the question. An agreed statement of facts or summary of the evidence was duly entered into between counsel.

From this statement or summary, it is clear that appellant's contention that the evidence was not sufficient as a basis to convict is frivolous. Equally so is his desire to have us review as a matter of credibility the testimony of the savings and loan association teller, whom appellant robbed, and that of appellant's sister and brother-in-law, who he asserts were motivated by malice in their testimony against him. These questions were solely matters for the jury.

So also, it is apparent that appellant's contentions that his arrest was illegal, and that the pistol which was used in evidence against him was the product of illegal search and seizure, present nothing of substance for review. The motion made to suppress was predicated on the ground that seizure of the pistol was "made out of (appellant's) presence and without his consent", but the statement or summary shows that the police officers testified that the pistol was not taken from appellant's home, but "from his hip pocket at the time of the arrest". As to his arrest, appellant's affi-

davit admits that the arrest was made on the basis of "a state felony charge" against him. He says that "they were never able to sustain" the charge, but the question of its sufficiency to make his arrest valid does not turn on whether the charge was subsequently able to be sustained, but on the existence of probable cause in relation to it.

Counsel for appellant has endeavored to set out all of appellant's personal viewpoints and contentions, but on his knowledge of and participation in the proceedings, he has not been able to point to anything that is suggestive of probable substance legally. We are of the opinion that if the appeal had been one prosecuted in paid form, dismissal of it would be called for on the ground of its being frivolous.

Appeal dismissed.