STATE of Missouri, Plaintiff-Respondent,

v.

Joseph VELAS, Defendant-Appellant.

No. 10066.

Missouri Court of Appeals,
Springfield District.

June 3, 1976.

Wayne K. Rieschel, Pros. Atty., Buffalo, for plaintiff-respondent.

J. Douglas Cassity, Greene, Cassity, Ferguson, Carnahan & Freeman, Springfield, for defendant-appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

The two-count information charged defendant with resisting arrest by the sheriff (§ 557.210, V.A.M.S.)[1] and disturbing the peace of the county assessor. § 562.240, V.A.M.S.[2] A jury found him innocent of peace disturbance but guilty of resisting arrest and fixed his punishment at a fine of ·$15.

On the day in question, defendant paid one of many visits to the assessor in the latter's office at the courthouse in Dallas County. The purpose of the visit, as with all others, was to express umbrage over a $2.43 tax levied because of defendant's ownership of a $50 "unbroke" horse. In the light most favorable to the verdict [*State v. Patterson*, 534 S.W.2d 847, 850[5] (Mo.App. 1976)], this is what happened: Defendant "was real mad" when he entered the assessor's office. "He was loud [and] just kept getting louder and louder" in proclaiming "he had a horse on the assessment list, and he didn't aim to pay the taxes on it." The sheriff, in his office "two doors" away, and the janitor in his courthouse office, variously heard "quite a disturbance . . .

---

1. Sec. 557.210—"If any person . . . shall knowingly and willfully . . . resist . . any sheriff . . . in the discharge of any other duty in any case, civil or criminal, other than felony . . . every person so offending shall, on conviction, be adjudged guilty of a misdemeanor."

2. Sec. 562.240—"If any person . . . shall willfully disturb the peace . . . of any person, by loud and unusual noise or by offensive or indecent conversation, . . . every person so offending shall, upon conviction, be adjudged guilty of a misdemeanor."

hollering and cussing" emanating from the assessor's office. Defendant ignored the assessor's repeated warnings that the sheriff would be beckoned if departure was not posthaste and raised his cane to emphasize "I ain't going" before the assessor left to summon the sheriff's aid to effect defendant's eviction. Responding to the call, and accompanied by the janitor and the assessor, the sheriff entered the assessor's office. The janitor recalled the defendant was "in there swinging a cane" exclaiming, "This S.O.B. is trying to kick me out of ·this office." Putting his arm around defendant's shoulder the sheriff entreated, "Joe, come on, let's get out of here. Just cool it." In response, defendant shoved the sheriff "backwards, shoved me loose, and said 'I'm not going to go anywhere.'" Thereupon the sheriff enounced, "Joe, you are under arrest for disturbing the peace." When defendant started to strike the sheriff with his cane, the sheriff slapped defendant "a pretty good lick . . . with my open hand." Defendant "went backwards against the wall . . . and set down [on the floor] and [the sheriff] said 'Joe, get up and come on. Let's go.' And he said he wasn't getting up. So I reach down and got him by his shirt collar and the arm, and I got him up. I started out the room with him, and as he got to the door . . . he grabbed the door, both hands, and wasn't going to go through it. And I had to get my hands under his arms, behind his neck, to get him on out of there."

The points relied on by defendant in this appeal are: "I. The verdict of the jury is inconsistent in its finding that appellant did not disturb the peace, but did resist arrest. A. The arrest of appellant was unlawful in that the arresting officer acted beyond the scope of his authority in making the arrest. B. A finding of guilt for resisting an unlawful arrest is incongruous and inconsistent. II. The court erred in allowing the prosecutor to amend the information in regard to resisting arrest in that the original information did not charge that [defendant] resisted arrest and that to amend said information to contain such a charge was error and was prejudicial to appellant. A. The original information did not constitute a valid charge of resisting arrest. B. The court erred in allowing the amendment of the information to include a charge of resisting arrest and to allow such amendment was prejudicial to appellant."

■■■ These so-called points clearly violate the mandatory requirements of Civil Rule 84.04(d), V.A.M.R., which is made applicable to criminal cases by Criminal Rule 28.18, V.A.M.R. *State v. Warren*, 469 S.W.2d 662, 663 (Mo.App.1971). Point I does not undertake to say "why" a verdict of not guilty for peace disturbance and a verdict of guilty for resisting arrest are inconsistent. Neither are we advised "wherein" and "why" the arrest was allegedly unlawful or "wherein" or "why" it is claimed the arresting officer acted beyond the scope of his authority in making the arrest. As to Point II, appellant-defendant does not seek to enlighten us as to "wherein" and "why" the original information did not charge or constitute a valid charge of resisting arrest or "wherein" or "why" permitting the amendment was prejudicial to him. Purported points in a brief which amount to nothing more than conclusions, abstractions of supposed facts and abstract statements of law preserve nothing for review on appeal. *Kansas City v. Garza*, 493 S.W.2d 659 (Mo.App.1973). Points relied on should precisely isolate the issues and facts relative thereto [*State v. Dennison*, 428 S.W.2d 573, 579[8] (Mo.1968)] for an appellate court owes no duty to resort to a search of the transcript on appeal or the argument portion of the brief to ascertain the meaning of points penned in abstract and conclusionary fashion. *State v. Freeman*, 489 S.W.2d 749, 752[2] (Mo. App.1973). Thus, at this juncture the appeal herein should be summarily dispatched. *State v. Yearwood*, 510 S.W.2d 43, 44 (Mo. App.1974). Nevertheless, and beyond the requirements of duty, we have gone to the transcript and argument part of the defendant's brief to enable us to consider defendant's insufficient points on their merits.

■■■ Sheriffs, by virtue of § 57.110, V.A.M.S., are conservators of the peace and

possess the right and duty to make warrantless arrests for disturbances of the peace when that misdemeanor is committed in their presence [*State v. Caffey*, 436 S.W.2d 1, 2[1] (Mo.1969)], and the offense is committed in the presence or view of the sheriff when he hears the disturbance, proceeds to the scene and the offense is continuing upon arrival. *State v. Peters*, 242 S.W. 894, 896[2] (Mo.1922). A sheriff may lawfully arrest a person for disturbance of the peace (a misdemeanor) if the actions committed in his presence and the circumstances observed by him would lead a reasonable person to believe he was witnessing the commission of a misdemeanor by the person arrested. *State v. Sampson*, 408 S.W.2d 84, 87[4] (Mo.1966); 6A C.J.S. Arrest § 20, at p. 47. The determination of whether the arrest is valid does not turn on whether the charge is subsequently sustained but on the existence of probable cause in relation to it. *Daly v. United States*, 324 F.2d 658, 660[4] (8th Cir. 1963). Moreover, probable cause is not dependent upon absolute certainty that an offense has been committed. *State v. Perry*, 499 S.W.2d 473, 476[8] (Mo.1973).

Even if the arrestee be actually innocent of the crime for which he is arrested, it is his duty to submit peaceably to a lawful arrest. 38 U.M.K.C. Law Review, Criminal Procedure Outline 1, Sec. V1 B, p. 187. One who resists a lawful arrest, though he be innocent of the arresting charge or albeit the statute under which he is arrested proves to be unconstitutional, is subject to criminal prosecution for resisting. *State v. Briggs*, 435 S.W.2d 361, 365[5] (Mo. 1968).

When the facts in the instant case are compared with those presented in *State v. Sturges*, 48 Mo.App. 263 (1892), we do not hesitate to hold that the sheriff had probable cause to believe that a disturbance of the peace was being committed by the defendant in his presence and that his arrest of the defendant therefor was lawful. Consequently, it may not be successfully urged, as defendant has tried, that defendant had the right to resist the arrest or that

a finding that defendant was innocent of the crime of disturbing the peace was inconsistent with a verdict finding him guilty of resisting arrest.

Count I of the original information charged that defendant did "wilfully, intentionally . . . obstruct, resist and oppose Jerry Cox, Sheriff of Dallas County, [in the performance of his, the said Jerry Cox's lawful duties]." The bracketed words were deleted in the amended information and the following words were added in lieu thereof: "while Jerry Cox was attempting to place Joe Velas under lawful arrest, the said Joe Velas knowing Jerry Cox to be the Sherrif [sic] of Dallas County."

Sec. 557.210, supra n. 1, denounces resistance to an officer in making an arrest "in the discharge of any other duty in any case," which covers arrests for misdemeanors without warrants in proper circumstances. *State v. Browers*, 356 Mo. 1195, 1202, 205 S.W.2d 721, 725 (1947); *State v. Nolan*, 354 Mo. 980, 988, 192 S.W.2d 1016, 1020 (1946); 2 Alexander, The Law of Arrest, § 596, pp. 1621–1623; 38 U.M.K.C. Law Review, supra, at p. 187. The original information alleged a crime in the language or substantially in the language of the statute. This was sufficient [*Patrick v. State*, 460 S.W.2d 693, 699[9] (Mo. 1970)], especially in view of the law "that informations are construed more liberally and with less regard to technicality in misdemeanors than in felonies." *State v. Graham*, 322 S.W.2d 188, 194[12] (Mo.App.1959). Contrary to defendant's contention, the amended information did not charge a new offense. It simply served to inform defendant of the particulars of the offense. This could not have been prejudicial.

The judgment is affirmed.

All concur.