STATE of Missouri,
Plaintiff-Respondent,

v.

Lloyd Thomas THOMPSON,
Defendant-Appellant.

No. 38291.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 27, 1977.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Robert C. Babione, Public Defender, Edward J. Bippen, Jr., James Porter, Asst. Pub. Defenders, St. Louis, counsel on appeal only, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Stanley Robinson, Asst. Attys. Gen.,

Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction for the offense of sodomy and jury-assessed punishment of two years imprisonment. § 563.230, RSMo.1969. Because of the nature of the case and the issues raised, it is necessary to state some of the loathsome details. The evidence was based primarily on the testimony of the victim, a 13-year-old girl. One evening she and her younger brother walked from their home to a nearby liquor store to purchase some popcorn. As the two were leaving the liquor store, they were met by defendant, a neighbor, and were invited to accompany him in his car to a local drugstore. At the drugstore, she and defendant remained in the latter's automobile while the younger brother entered the store to purchase a soda. As they sat alone in his automobile, defendant asked the young girl to remove her underpants. She complied, and defendant "started sucking [her] in between [her] legs." "He started sucking me in my crack", she further testified. She testified she had been subjected to similar conduct on previous occasions while cleaning defendant's house.

■ On appeal, defendant contends that the statute under which he was tried, § 563.230, is constitutionally infirm because it fails to notify persons that cunnilingus is a proscribed act. This section reads: "Every person who shall be convicted of the detestable and abominable crime against nature, committed with mankind or with beast, with the sexual organs or *with the mouth*, shall be punished by imprisonment in the penitentiary not less than two years." (Emphasis ours.) The current sodomy statute, now codified as § 563.230, RSMo.1969, has remained intact since 1911, at which time the old statute, itself a codification of the common law offense of sodomy, was amended with the addition of the words "with the sexual organs or with the mouth." Following this amendment, our Supreme Court in *State v. Wellman*, 253

Mo. 302, 161 S.W. 795 (1913), indicated that the amended statute extended the crime of sodomy to acts committed with the mouth, including cunnilingus. More recently, it has been adjudicated that § 563.230 embraces cunnilingus. *State v. Crawford*, 478 S.W.2d 314 (Mo.1972); *State v. Oswald*, 306 S.W.2d 559 (Mo.1957). The constitutionality of the statute was thoroughly explored and upheld in *State v. Crawford, supra.*

Defendant argues that penetration is an essential element of the offense, and that the indictment is insufficient to charge a crime because it fails to allege penetration; that the trial court erred in overruling his motion for acquittal at the close of the case because no evidence of penetration was produced; and that the court erred in submitting a verdict directing instruction which did not require a finding of penetration. These points were not raised in defendant's motion for a new trial and the latter two have not been properly preserved for appellate review. Rule 27.20(a). Rule 28.02, however, requires the court to consider allegations of error respecting the sufficiency of the information although not preserved for review.

■ The state contends that penetration is not a necessary element of the offense of cunnilingus. We agree. The reguirement of penetration is mentioned nowhere in the statue. At common law, however, some proof of penetration was required to support a sodomy conviction. The court in *State v. Pettijohn*, 541 S.W.2d 74, 78 (Mo. App.1976) noted: "While, like Missouri, nearly all States have expanded the common law felony of sodomy to include the acts of fellatio and cunnilingus, only a few have gone so far as to hold that something less than at least a slight penetration by either the mouth or the penis of a forbidden bodily cavity can amount to sodomy." *See also State v. Boyington*, 544 S.W.2d 300, 303 (Mo.App.1976); *State v. Dayton*, 535 S.W.2d 469 (Mo.App.1976).

*Pettijohn*, and other Missouri cases which have held that penetration consummates the offense of sodomy, did not involve the act of cunnilingus. Indeed, the only Mis-

souri case which directly confronted facts detailing the specific offense of cunnilingus was *State v. Wellman, supra.*

■ Despite suggestions in other cases to the contrary, *see, e. g., State v. Pettijohn, supra,* we do not interpret *Wellman* to require allegation and proof of penetration in the prosecution of the sodomy offense of cunnilingus. Cunnilingus is defined in Webster's Third New International Dictionary as "stimulation of the vulva * * * with the lips or tongue." Because of the anatomy of the mouth and the female genitalia, we believe that any contact between the mouth or its component parts and the vulva is sufficient to constitute the offense of cunnilingus.

■ The indictment stated that defendant "did wickedly, feloniously and against the order of nature commit the detestable and abominable crime against nature with [the victim], a female person, by placing his, LLOYD THOMAS THOMPSON'S mouth on the vagina of said [victim]; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State." The allegations of the indictment substantially track the language of the sodomy statute, a fact which ordinarily renders an indictment sufficient. *State v. Velas,* 537 S.W.2d 881 (Mo.App.1976). The indictment fully and sufficiently advised defendant of the crime with which he was charged. Because of the nature of the offense, strict rules of pleading have not been followed in charging the offense of sodomy. As long as the act charged falls within the statutory definition and the indictment informs the accused of the charge against him, the details of the commission are generally unnecessary. *State v. Dayton, supra.*

■ Lastly, defendant contends the trial court erred in permitting the state to introduce evidence, in the form of rebuttal testimony, of defendant's photographing nude children. In Paragraph 5 of defendant's Motion for New Trial it is stated: "The court erred and abused its discretion when he permitted the state over the objection of defendant to permit witness Bill King to testify as to the nude pictures allegedly taken by defendant of victim * * * or of nude female children." As presented in the motion for a new trial, the contention is so lacking in particularity and detail that it preserves nothing for appellate review. Rule 27.20(a). The motion does not contain specific reasons as to why defendant claims the pictures should not have been admitted in evidence. *State v. Whitaker,* 312 S.W.2d 34 (Mo.1958).

We hereby affirm the judgment of the trial court.

STEWART, P. J., and DOWD, J., concur.