STATE of Missouri,
Plaintiff-Respondent,

v.

Edgar William ALDAG,
Defendant-Appellant.

No. 39797.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 13, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 14, 1979.

Fred Roth, Clayton, for defendant-appellant.

William C. McIlroy, Pros. Atty., Bowling Green, for plaintiff-respondent.

DOWD, Presiding Judge.

The Pike County Circuit Court, in an appeal from Magistrate Court, in a court tried case, found defendant Edgar William Aldag guilty of careless and imprudent driving by reason of failing to yield the right of way. He was fined $35.00 plus costs and appeals that conviction.

Defendant's traffic conviction arose from an accident between his Jeep Scout and a car driven by Mrs. Della Mae Naxera. The defendant had been traveling south on Route D, a two lane road. Mrs. Naxera was northbound on the same road. Defendant made a left turn in the path of Mrs. Naxera's car into the entrance of a plant where he was working. Mrs. Naxera drove off the highway to the right and struck defendant's car somewhere on Route D's northbound shoulder. The Highway Patrolman who was called to the scene ticketed the defendant for failing to yield the right of way. That charge was later amended to operating "a motor vehicle in a careless and imprudent manner by failing to give the right of way to a vehicle being operated in the opposite direction".

The defendant raises, in this appeal, two contentions of trial court error. First, he argues that the court should not have allowed the State to amend the information since, by doing so, the State was increasing the charge to a greater or additional crime than the one originally charged. The Circuit Court granted the State leave to file the amended information before the case was heard de novo on appeal in that court. Defendant did not object to the amended information nor did he include this claim of error in his motion for new trial. He raises this claim of error for the first time in his brief on appeal. This case was tried without the aid of a jury, therefore, no motion for new trial was necessary to preserve this point for our review. *State v. Ewing*, 518 S.W.2d 643, 645 (Mo.1975).

It is within the trial court's discretion to allow amendment of informations anytime prior to verdict or finding provided that no additional or different offense is charged and the substantial rights of the defendant are not prejudiced. *State v. Fleming*, 518 S.W.2d 449, 451 (Mo.App. 1975); Rule 24.02. Defendant claims that amending the information to add the language operating "a motor vehicle in a careless and imprudent manner" was sufficient to charge him with a greater or different crime. He makes this claim in spite of the fact that he was charged under § 304.351 RSMo 1969 in both informations. While we realize that citation to specific statutory sections in an information is not conclusive on the question of which offense defendant has been charged with, *State v. Bryne*, 503 S.W.2d 693, 695 (Mo.1973), we find it to be persuasive in this case. The additional language was inserted merely to clarify the charge by advising the defendant of the manner in which he failed to yield the right of way. *State v. Velas*, 537 S.W.2d 881, 884 (Mo.App.1976); *See, State v. Colbart*, 411 S.W.2d 92, 95 (Mo.1967). The original information was sufficient to charge the crime of which the defendant was convicted and any excess verbiage added at a later date cannot detract from that sufficiency. *State v. Frankum*, 425 S.W.2d 183, 190 (Mo. 1968).

Although we hold that the amended information did not charge a different or additional crime the ultimate question is one of prejudice suffered by the defendant. *State v. Wilson*, 544 S.W.2d 859, 862 (Mo. App.1976). The test of prejudice to the defendant is whether he could utilize the same evidence and defenses in his case after the information was amended as he could before it was amended. *State v. Wilson,*

supra, at 862. It is clear that since the defendant was charged with the same offense in both informations, failing to yield the right of way in violation of § 304.351 RSMo 1969, he could not have lost or gained any defenses or evidence by virtue of the amendment.

The record demonstrates that the amended information was filed on April 19, 1977. The trial commenced on August 16, 1977. This allowed the defendant four months time to file his objection to this amendment and to prepare to meet the new charge. Defendant should have voiced his objection to the amended information at the trial. *See, State v. Reed,* 298 S.W.2d 426, 428 (Mo.1957).

It is also relevant to note that the punishment assessed against the defendant in the Circuit Court after the amendment was the same as that assessed in the Magistrate Court before the amendment. We cannot find, in the face of these circumstances, that the defendant was prejudiced by the amendment to the information.

■ We do not mean to hold this amended information up as an ideal, however, informations charging misdemeanors are less strictly scrutinized for technical nicety than are those charging felonies. *State v. Velas,* supra, at 884. In view of the fact that the defendant could have suffered no prejudice by the information we rule defendant's first point against him.

In his second point, defendant contends that the trial court should have sustained his motion for acquittal at the close of all the evidence since the State's evidence was insufficient to support a conviction.

■ In reviewing the evidence supporting the defendant's conviction we are bound to consider such evidence in the light most favorable to the State. *State v. Williams,* 565 S.W.2d 749, 750 (Mo.App.1978). This court must allow all reasonable inferences from the evidence which are in support of the verdict and disregard any inferences contrary thereto. *State v. Lowery,* 565 S.W.2d 680, 684 (Mo.App.1978).

The prosecuting witness testified that she was cresting the hill approaching the Hercules Plant at approximately 30 m. p. h. She stated that she had her foot on the brake and that defendant turned in front of her too suddenly for her to sound her horn. She was sure that the defendant neither slowed his speed, nor used his turn indicators before the two vehicles made contact. According to the witness the rear bumper of the defendant's car was still in the northbound lane at the point of impact.

Witness for the State, William Castro testified that the defendant did not stop before making his turn but, on the contrary, increased his speed prior to entering the intersection. Another witness, Officer Gosney, testified that the defendant's vehicle came to rest in the middle of Route D.

■ Defendant was charged with violation of § 304.351, RSMo 1969. While the information does not specify under which paragraph of this section defendant was charged we find paragraph six to be the one most applicable to the facts as presented. Paragraph six states:

"The driver of a vehicle intending to make a left turn into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction when the making of such left turn would create a traffic hazard." § 304.351, RSMo 1969.

Defendant's own testimony indicated that he intended to make a left turn into a driveway. The fact that defendant turned in front of the prosecuting witness and a collision resulted in the roadway is sufficient evidence that the defendant did not yield the right of way and that such action by the defendant created a traffic hazard.

Point two is ruled against defendant.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.