STATE of Missouri, Respondent,

v.

**Ricky Lynn FENDER, Appellant.**

STATE of Missouri, Respondent,

v.

**Ricky DAVIS, Appellant.**

Nos. WD 31224, 31223.

Missouri Court of Appeals,
Western District.

June 9, 1980.

Jefferson G. Broady, Rock Port, for appellants.

Henry C. Copeland, Pros. Atty. of Atchison County, Rock Port, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

These cases present a common problem and have been consolidated in this court. Fender and Davis were each charged by uniform traffic ticket conforming to Rule 37.1162 with resisting arrest by flight. Both tickets were issued in July, 1979, but on different days. Fender appeared by attorney, entered a plea of guilty and received a sentence of 30 days in jail. Davis

appeared pro se, entered a plea of guilty and received a like sentence of 30 days. On this appeal both contend the information in the form of a uniform traffic ticket was insufficient to charge the crime of resisting arrest as proscribed by § 575.150, RSMo 1978.[1]

■ Although neither party has questioned the jurisdiction of this court over these appeals, it is the duty of this court to inquire sua sponte into its jurisdiction. *Marsch v. Williams*, 575 S.W.2d 897, 898[1] (Mo.App.1978). Finding no jurisdiction vested in this court, both appeals are dismissed.

The only record on appeal filed here consists of a number of documents stipulated by the parties to be certified copies of the pleadings and court records. From these documents it is apparent the proceedings were not on the record in either case.

■ It does appear that each traffic ticket was filed with Division II of the Circuit Court of Atchison County, and Fender and Davis each pleaded guilty before the Honorable Donald E. Reynolds, an associate circuit judge. It is obvious that it was intended to charge Fender and Davis each with the commission of a misdemeanor before the associate circuit judge under the provisions of Art. 5, Sec. 27.2a, Constitution of Missouri, effective January 2, 1979, which transferred magistrate court jurisdiction to the circuit courts. It is further apparent that the associate circuit judge exercised jurisdiction over these charges under Art. 5, Sec. 27.3, which provides that until otherwise provided by law, associate circuit judges shall hear all cases on matters, civil and criminal, previously provided by law for magistrates. Of course, under the previous Art. 5, and applicable laws, these charges would have been filed before the magistrate. Because the charges were considered to be misdemeanors they were properly filed with the associate circuit judge who was exercising the same jurisdiction as previously enjoyed by magistrates.

The question now becomes whether or not an appeal to this court is permitted from the judgment and sentence entered by the associate circuit judge on misdemeanor charges filed directly with him. Section 543.290 provides:

"1. Any person convicted before an associate circuit judge for any misdemeanor or infraction may have a trial de novo if the cause was not tried before a jury upon the record or before the judge upon the record by special assignment or transfer, . . . ."

As noted, these cases were not heard on the record, nor by a jury, or by special assignment to the associate circuit judge. Section 543.300 provides that upon a request for a trial de novo being perfected the cause shall be assigned for a trial de novo before a circuit or associate circuit judge. Section 543.335 in part provides:

"In any case tried with a jury before an associate circuit judge or on assignment under procedures applicable before circuit judges, a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court."

Rule 30.33 provides that § 543.335, among others, shall govern the procedures and requests for trial de novo or appeals in criminal proceedings pending before associate circuit judges in which no record is kept.

■ The adoption of the new Judicial Article to the Constitution eliminated magistrate courts and necessitated a change in the procedure for appeals from the practice which prevailed while magistrate courts were in existence. The consolidation of all courts into the circuit court does not mean that an appeal to an appellate court is now permitted from any judgment in a misdemeanor case tried before an associate circuit judge. By § 543.335 an appeal from the judgment of an associate circuit judge in a misdemeanor case is authorized directly to this court only if the case were tried with a jury or on assignment under procedures applicable before a circuit judge and a rec-

1. All statutory provisions are to RSMo 1978 unless otherwise specified.

ord was made. The proper method for appeal from a misdemeanor conviction before an associate circuit judge when a misdemeanor charge is filed directly before such judge is the request for trial de novo pursuant to § 543.290. When that procedure is followed the cause is heard de novo on the merits under procedures applicable before circuit judges under § 543.310.

Thus, the previous right granted to misdemeanor defendants to have their cases heard anew is preserved under the new Judicial Article. However, it is now denominated as a trial de novo and can be heard by either a circuit judge or by assignment by another associate circuit judge. The second trial, whether before a circuit judge or an associate circuit judge, would be under procedures applicable to cases tried before circuit judges, which simply means that a record would be kept. Of course, the original trial of a misdemeanor before an associate circuit judge when the case was filed initially with him would not entail a record.

In these cases Fender and Davis appealed to this court on the theory that they are entitled to have the sufficiency of the informations tested on appeal following a guilty plea under *State v. LePage*, 536 S.W.2d 834, 835[1] (Mo.App.1976) which holds that the scope of review on a direct appeal following a guilty plea is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the criminal charge. While the statement in *LePage* concerning the scope of review following a guilty plea is correct, Fender and Davis have appealed to this court when their pleas were made to the associate circuit judge on misdemeanor charges filed directly with such judge. Under § 543.335 an appeal to this court from the judgment of an associate circuit judge is only authorized when the case is tried with a jury or on assignment under procedures applicable before a circuit judge and a record is kept.

Whether Fender and Davis may request a trial de novo after entering their plea of guilty is not before this court. In any event, the sufficiency of the informa-

tion could be tested by habeas corpus. *State v. LaDriere*, 299 S.W.2d 512, 517[7] (Mo. banc 1957). For the reasons discussed this court holds in these cases an appeal from the judgment of the associate circuit judge to this court does not lie. The appeals are dismissed.

All concur.