STATE of Missouri, Respondent,

v.

**Ronald E. HENDERSON, Appellant.**

**No. WD 39699.**

Missouri Court of Appeals,
Western District.

March 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

Theodore M. Kranitz of Kranitz & Kranitz, St. Joseph, for appellant.

Roger E. Combs, Asst. Pros. Atty., Albany, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

Appellant appeals the convictions, entered upon his pleas of guilty, for operating a motor vehicle in a careless and imprudent manner, in violation of § 304.010, RSMo 1986; for property damage in the second degree, in violation of § 569.120, RSMo 1986 [1]; and for endangering the wel-

fare of a child, in violation of § 568.050, RSMo 1986.

The judgments are affirmed.

Appellant challenges his convictions and raises seven points on appeal which, in summary, charge that the trial court erred (1) in failing to dismiss the information charging appellant with operating a motor vehicle in a careless and imprudent manner because the information was insufficient; (2) in finding appellant guilty of operating a motor vehicle in a careless and imprudent manner because appellant never tendered a plea; (3) in failing to dismiss the information charging appellant with property damage in the third degree because the information was insufficient; (4) in accepting appellant's plea of guilty of property damage in the third degree because said guilty plea was not made knowingly and intelligently; (5) in failing to dismiss the information charging appellant with endangering the welfare of a child because the information was insufficient; (6) in accepting appellant's plea of guilty of endangering the welfare of a child because the trial court did not conduct a hearing to determine the accuracy of the plea; and (7) in revoking appellant's probation because appellant was denied due process of law.

The pertinent facts are as follows:

On October 26, 1986, appellant, then eighteen years old, allegedly operated a motor vehicle in a careless and imprudent manner in that he drove his vehicle off the traveled portion of U.S. Highway 136. On the same day, and as a part of the same incident, appellant allegedly caused property damage in that, upon driving his vehicle off the roadway, the vehicle made some ruts in the rain-soaked, sodded right-of-way area adjacent to the highway.

Appellant was charged with these offenses by way of separate informations. The information in case no. CR486–87M charges

1. The informations for these offenses charged incorrect statutory sections. *See infra* for reconciliation of variations.

that the defendant, in violation of Section 304.015, RSMo,[2] committed a misdemeanor ... in that on or about the 26th day of October, 1986, at the County of Gentry, State of Missouri, did then and there willfully and unlawfully while driving and operating a certain motor vehicle, to-wit: a 1982 Ford Pickup, over and upon U.S. Highway No. 136, a public highway of the State of Missouri, in a careless and imprudent manner in that he did drive and operate said motor vehicle off of the traveled portion of said roadway.

The information in case no. CR486–88M charges

that the [defendant], in violation of Section 569.120, RSMo, committed the class B misdemeanor of property damage in the third degree, ... in that on or about October 26, 1986, in the City of Albany, County of Gentry, State of Missouri, the [defendant] knowingly damaged the right of way of U.S. Highway No. 136 in two (2) locations, which property was owned by the State of Missouri, by the operation of a certain Ford pickup off of the roadway through a rain soaked sodded right of way area adjacent to the highway at a time when said area was soft and susceptible to damage by the operation of said vehicle.

On December 3, 1986, a hearing was conducted in associate circuit court before the Honorable Harold V. Davis. Appellant appeared without counsel. The court informed appellant that he was charged with property damage in the third degree in violation of § 569.120, RSMo. Appellant informed the court that he wished to plead guilty. The court thoroughly questioned appellant as to whether appellant understood his right to counsel and right to trial, whether appellant's plea was made knowingly and intelligently, and whether appellant understood the consequences of a guilty plea.

During this hearing, the only references to the charge of careless and imprudent

**2.** Respondent's brief indicates that the information incorrectly cited § 304.015 when it should

driving were made in the following manner:

[BY MR. COMBS, PROSECUTING ATTORNEY]: Mr. Henderson is also before the Court on a companion traffic case. I do not have the number of that, but it involves a careless and imprudent driving charge.

THE COURT: That would be CR486–87M, Mr. Prosecutor.

MR. COMBS: That's not a T case?

THE COURT: It should be, but it isn't.

THE CLERK: C and I is not a T anymore.

THE COURT: That's right.

THE CLERK: A misdemeanor, reported as a misdemeanor.

MR. COMBS: Okay, Very good. During this time I, while the [Defendant] indicated [he was] not promised anything in order that [he] enter a guilty plea, I did indicate to [him] that should [he] enter a plea of guilty, I would have certain recommendations to the Court. And here again, this is with the understanding that Mr. Henderson would also enter a plea of guilty on the companion traffic case as well ...

and

DEFENDANT HENDERSON: Okay. I'm getting a C and I, right? This is for leaving the roadway. And [I'm] getting probation because [I] destroyed property?

THE COURT: You're getting probation on both counts, Mr. Henderson.

DEFENDANT HENDERSON: Okay.

THE COURT: You're getting suspended imposition on both counts.

DEFENDANT HENDERSON: Okay.

THE COURT: No, I'm not—That's not right. You're getting a suspended imposition of sentence on the destruction of property. You're—You will be paying the standard fine on C and I, which is $25 and costs.

have been § 304.010.

The docket sheet for case no. CR486–87M (C and I) has a December 3, 1986, entry which reads:

whereupon parties announce and a plea bargain is submitted in companion case CR486–88M [damage to property, third degree]. Defendant is placed on probation for a period of six months ...[3]

As for case no. CR486–88M (damage to property, third degree) the docket sheet has a December 3, 1986, entry which states that appellant knowingly and voluntarily entered a plea of guilty, which the court accepted. The court suspended imposition of sentence and placed appellant on probation, setting forth the conditions of that probation. The conditions of appellant's probation included a curfew.

On February 23, 1987, a warrant for arrest was issued for appellant and charged that appellant had violated his probation. Appellant was arrested that day and was later released on bond.

On March 3, 1987, the prosecuting attorney filed with the circuit court a Motion to Revoke Probation, stating that appellant had been on probation in the property damage case, and that he violated the conditions of his probation by remaining out past his curfew on the night of February 22, 1987.

A hearing was conducted on April 29, 1987, on the state's Motion to Revoke Probation. On this same day, appellant was charged by information with endangering the welfare of a child, in violation of § 568.050, RSMo, in that on or about February 22, 1987, appellant "knowingly encouraged, aided or caused [M.F.], a child less than seventeen years old, to engage in conduct which tended to cause such child to come within the provisions of subdivision (2), Section 211.031, RSMo." (Case no. CR486–45M)

During the revocation hearing, appellant appeared and was represented by counsel. The court began by stating that this was a revocation of probation hearing under case no. CR486–88M (damage to property, third degree), and that there was a companion case no. CR487–45M (endangering the welfare of a child) for which there had been no arraignment or other hearing. Appellant waived the reading of the charge in case no. CR487–45M and the proceedings commenced.

The prosecuting attorney announced the following arrangement:

MR. COMBS: Yes, sir. There have been considerable discussions between the Defense attorney and myself regarding both matters here, in the motion to revoke probation and also the new charge which has been filed.

I believe that there has been a plea bargain entered into, which, essentially will call for among other things, the continuation of the Defendant's probation in Case No. CR486–88M through June 3, 1988. It's my understanding that the Defendant intends to plead guilty to the new charge CR487–45M, receive a suspended imposition of sentence and be placed upon probation to run concurrently with the probation in Case CR486–88M.

\* \* \* \* \* \*

Additionally, on Case CR487–45M, I've recommended and I understand the Defendant agrees as part of the agreement that he spend seven days shock time in the Gentry County Jail, to be served on Sundays, commencing at 6:00 p.m. on Saturday evening and ending at 6:00 p.m. on Sunday evening and that he be required to pay the costs incurred for his jail board bill which I didn't recall if it was $10 or if we were up to $12 now, whichever that is.

Appellant then entered his plea of guilty.

The court then examined appellant to determine whether his plea of guilty to case no. CR487–45M was made knowingly, voluntarily and intelligently. The court then accepted the plea agreement, suspended imposition of sentence and placed appellant on probation. The conditions of appellant's new probation included seven days shock jail time to be served by appellant from Saturday, 6:00 p.m. until Sunday, 6:00

---

**3.** The record of the trial court reflects no payment of any fine by appellant.

p.m. for seven consecutive weekends. Apparently, appellant's probation in case no. CR486–88M (damage to property, third degree) was not revoked, but was extended and to run consecutively with his probation in case no. CR487–45M (endangering).

Appellant successfully served the first four days of his shock jail time, but on the Thursday before the fifth weekend, appellant checked himself into an adolescent treatment center for alcohol abuse. Appellant resided at the treatment center from May 28, 1987 until he was released on July 14, 1987.

On May 27, 1987, the court issued its Order to Show Cause to appellant to show cause why his probation in case no. CR487–45M should not be revoked. The court cited in the show cause order that appellant had again violated his curfew condition of probation. An arrest warrant was issued but appellant was not in custody until he turned himself into the authorities following his release from the adolescent treatment center.

A hearing commenced on July 22, 1987. Appellant appeared without counsel. The court informed appellant that there were three cases pending against him: the C and I; damage to property, third degree; and endangering the welfare of a child. The court stated that appellant had been on probation after he was found guilty of endangering the welfare of a child and the court recited the conditions of that probation. The court stated that appellant was also on probation for his conviction in CR486–88M (damage to property, third degree) and that said probationary period was to run consecutively with the probation in CR487–45M (endangering the welfare of a child). This statement was inaccurate as the judgment orders in both cases show the probation expiring on June 3, 1988.[4] At any rate, appellant testified at this hearing and admitted that he failed to serve the remaining shock jail time because he was admitted to the adolescent treatment center.

The court found that appellant had violated his probation, and imposed the following sentences: six months for appellant's conviction for C and I; six months for his conviction for damage to property, third degree; and one year for appellant's conviction for endangering the welfare of a child. Said sentences were to run concurrently. Appellant timely filed his notice of appeal on all three convictions.

Appellant's point (1) challenges the sufficiency of the information in case no. CR486–87M (C and I). Appellant first argues that the information was insufficient in that it was not substantially in the form prescribed by MACH–CR.

Rule 23.01(e) states: "All indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)." Appellant argues that the information is not even remotely consistent with the appropriate MACH–CR 32.40.

 Error is not established or presumed on the ground that an information did not follow the MACH–CR pattern charge for the offense alleged. *See State v. O'Connell,* 726 S.W.2d 742, 747 n. 6 (Mo. banc 1987); *State v. Mitchell,* 611 S.W.2d 223, 225–26 (Mo. banc 1981); and *State v. Reese,* 687 S.W.2d 635, 637 (Mo.App.1985). The information is not so substantially different from MACH–CR 32.40 so as to prejudice appellant.

Appellant also contends that the information is insufficient because it attempts to charge appellant with an offense not within the scope of the statute allegedly violated. Specifically, the information charges appellant with "operating a certain motor vehicle ... in a careless and imprudent manner ...", yet the information cites § 304.010, RSMo 1986.

 This flaw is not fatal, however, because the mention of a statute number in an information is not conclusive as to the offense charged and is treated as surplus-

---

4. Probation in CR 486–88M was for six months, but was to be extended to eighteen months if appellant did not join the armed forces. Appellant did not join the armed forces.

age. *City of Kansas City v. Harbin,* 600 S.W.2d 589, 592 (Mo.App.1980). An indictment or information is not necessarily insufficient simply because the wrong statute is cited. *State v. LaPlant,* 673 S.W.2d 782, 785 (Mo. banc 1984). The test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983), and *State v. O'Dell,* 684 S.W.2d 453, 460 (Mo.App.1984).

 Section 304.010.1, RSMo 1986, states:

Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

The information in question charged that appellant operated a motor vehicle on U.S. Highway No. 136 in a careless and imprudent manner in that he caused said vehicle to leave the traveled portion of the roadway. The information indicates the facts and the manner in which appellant operated his motor vehicle carelessly and imprudently. Simply because the information failed to state that said careless and imprudent operation of the vehicle endangered the life, limb or property of another does not make the information insufficient. The same strictness of pleading is not required in informations charging misdemeanors as in those charging felonies. *State v. Aldag,* 591 S.W.2d 733, 735 (Mo.App.1979), and *State v. Todd,* 477 S.W.2d 725, 728 (Mo. App.1972).

This court does not hold up this information as ideal, however, it meets the test for sufficiency and appellant suffered no prejudice by the information.

 Appellant next charges that the information is defective in that it charges appellant "willfully" operated the vehicle in a "careless and imprudent manner", and that these terms are mutually exclusive.

Appellant's point is ridiculous. He cites to no authority on point. The inclusion of the word "willfully" did not render the information insufficient. The information adequately informed appellant that he was charged with careless and imprudent driving and constituted a bar to further prosecution for that offense. Furthermore, appellant fails to demonstrate that he was prejudiced by the use of the language complained of. Appellant's point (1) is without merit and is therefore ruled against him.

Appellant's point (2) charges that the trial court erred in accepting appellant's plea of guilty to CR486–87M (C and I) because (a) said guilty plea was never tendered, (b) if tendered, said guilty plea was not a knowing and intelligent waiver of appellant's rights, and (c) the trial court failed to conduct a hearing to determine the accuracy of appellant's guilty plea.

 First, it is noted that respondent argues that there is no right to a direct appeal after the entry of a plea of guilty before an associate circuit judge, citing this court's opinion in *State v. Fender,* 600 S.W. 2d 683 (Mo.App.1980). Respondent's argument has no merit for two reasons: First, *Fender* was based upon §§ 543.290, 543.-300, and 543.335, RSMo 1978. Sections 543.290 and 543.300 were repealed and § 543.335 was amended in 1984. *See* L.1984, S.B. No. 602, p. 746, § 1.

Second, and more important, in relying on § 543.335, RSMo 1978, this court in *Fender* dismissed the appeal because no record was made at the associate circuit level. Section 543.335, RSMo 1986, states:

In any case tried with a jury before an associate circuit judge or on assignment under procedures applicable before circuit judges, *or in any misdemeanor case or county ordinance violation case,* a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court ... (The emphasized portion was added to the 1978 version by the 1984 amendment.)

The three cases herein are all misdemeanor cases before an associate circuit judge and in each case a record was made of the proceedings. Therefore, this court has jurisdiction to hear the appeal.

■ As for appellant's point, the record clearly refutes his charge. During the December 3, 1986 proceeding, the court read the charge in case no. CR486–88M (damage to property, third degree) and asked appellant if he understood the charge. Appellant responded in the affirmative. The court asked how appellant would plead and the record indicates that appellant responded, "guilty." The court then engaged in a discussion of appellant's rights and explained the consequences of a guilty plea. The court repeatedly asked appellant about the voluntariness of his plea. Appellant clearly indicated that his plea was made knowingly, voluntarily, and intelligently.

In reference to a plea in CR486–87M (C and I), the prosecutor informed the court that appellant was also before the court on the C and I. The prosecutor stated that appellant and he had discussed a plea agreement which included a guilty plea on both charges (CR486–87M and CR486–88M), then the prosecutor recommended suspended imposition of sentences and probation. Although appellant did not state he was pleading guilty to the C and I, he remained silent. Several times during the proceedings, the court referred to the plea agreement in both cases and repeatedly asked appellant if he still wished to plead guilty. Appellant always responded in the affirmative.

■ It is clear from a reading of the entire record that appellant intended to plead guilty to both charges, and that those pleas were made voluntarily, knowingly, and intelligently. Appellant's point (2) is therefore ruled against him.

Respondent's point (3) charges that the information in CR486–88M (property damage, third degree) was insufficient.

The information in case no. CR486–88M, in pertinent part, reads:

[Defendant], in violation of § 569.120, RSMo, committed the class B misdemeanor of property damage in the third degree, ... in that on or about October 26, 1986, in the City of Albany, County of Gentry, State of Missouri, the defendant knowingly damaged the right of way of U.S. Highway No. 136 in two (2) locations, which property was owned by the State of Missouri, by the operation of a certain Ford pickup off of the roadway through a rain soaked sodded right of way area adjacent to the highway at a time when said area was soft and susceptible to damage by the operation of said vehicle.

The problem with the information is this: Section 569.120, RSMo 1978, stated:

1. A person commits the crime of property damage in the third degree if:

(1) He knowingly damages property of another; or

(2) He damages property for the purpose of defrauding an insurer.

2. Property damage in the third degree is a class B misdemeanor.

In 1986, the foregoing section was amended and the term "second degree" was substituted for "third degree." *See* L.1986, S.B. No. 450, § A, eff. March 17, 1986. The elements remained the same as did the class of the offense. There is now no such offense as "property damage, third degree".

■ It is quite obvious that neither the prosecutor nor the trial judge kept himself apprised of the change in the law. While this is inexcusable, such error does not necessarily render the information fatally defective. The information charges the necessary elements of property damage, second degree, and sets forth the facts which bring appellant within the statute. The information was sufficient to notify appellant of the nature of the charge against him as to enable him to prepare a defense, and to avail himself of his conviction or acquittal for protection against further prosecution for the same charge. *See State v. Brown*, 660 S.W.2d at 698. Admittedly, this court does not hold out this information as being model, however, in misdemeanor cases, the information will not be as strictly scrutinized as those in

felony cases. *See State v. Aldag*, 591 S.W. 2d at 735. The information was sufficient. Appellant's point (3) is ruled against him.

Appellant's point (4) charges that the trial court erred in accepting appellant's plea of guilty in CR486–88M (property damage) because said plea was not made knowingly, voluntarily and intelligently.

The record clearly refutes this point and appellant's point (4) is ruled against him for the reasons set forth in this court's disposition of appellant's point (2).

Appellant's point (5) charges that the information in case no. CR487–45M was insufficient. That information, in pertinent part, read:

[D]efendant, in violation of Section 568.-050, RSMo, committed the class A misdemeanor of endangering the welfare of a child, punishable upon conviction under Sections 558.011.1(5) and 560.016, RSMo, in that on or about February 22, 1987, at the County of Gentry, State of Missouri, the defendant knowingly encouraged, aided or caused [M.F.], a child less than seventeen years old, to engage in conduct which tended to cause such child to come within the provisions of subdivision (2), Section 211.031, RSMo.

Section 211.031.1(2) states:

1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:

\*　\*　\*　\*　\*　\*

(2) Involving any child who may be a resident of or found within the county and who is alleged to be in need of care and treatment because:

(a) The child while subject to compulsory school attendance is repeatedly and without justification absent from school; or

(b) The child disobeys the reasonable and lawful directions of his parents or other custodian and is beyond their control; or

(c) The child is habitually absent from his home without sufficient cause, permission, or justification; or

(d) The behavior or associations of the child are otherwise injurious to his welfare or to the welfare of others; or

(e) The child is charged with an offense not classified as criminal, or with an offense applicable only to children; except that the juvenile court shall not have jurisdiction over any child sixteen years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony; ...

 It is clear that the information, on its face, sets forth the necessary elements of the offense, but fails to apprise appellant of the facts which brought the child within the provisions of § 211.031.1(2) information, but such a flaw is not fatal to its sufficiency.

The information sets forth the necessary elements to charge a violation of § 568.050. As permitted in Rule 23.04, appellant did not move the trial court for a bill of particulars requiring the prosecution to state the specific conduct which brings the child within the statute. (Appellant was represented by adequate and able counsel on this charge.) In the absence of such a motion, this court must assume that appellant was satisfied the information completely informed him of the facts and particulars of the offense. *See State v. Rose*, 428 S.W.2d 737, 742 (Mo.1968); *State v. Neal*, 661 S.W.2d 844, 845 (Mo.App.1983), and *State v. Dick*, 636 S.W.2d 425, 428 (Mo.App.1982). Appellant's point (5) is ruled against him.

Appellant's point (6) charges that the trial court erred in accepting a guilty plea from appellant in case no. CR487–45M because the court failed to conduct a hearing to determine the accuracy of such plea.

A hearing was conducted on April 29, 1987, wherein the court was to consider a revocation of appellant's probation on cases nos. CR486–87M and CR486–88M, and to consider appellant's plea of guilty in case no. CR487–45M (endangering the welfare of a child). Appellant was represented by counsel who acknowledged receipt of the information and waived its reading. The prosecution informed the court that a plea

bargain had been entered into stating that appellant would plead guilty to CR487–45M in order to receive a suspended imposition of sentence and be placed upon probation. The court then questioned appellant as to the voluntariness of his guilty plea and the colloquy included the following exchange:

Q. Are you telling the Court you're giving a guilty plea because you committed the crime in which you were charged and are admitting that knowingly, willingly, and voluntarily?

A. Yes.

The court accepted appellant's plea, suspended imposition of sentence, and placed appellant on probation.

█ It is clear from a reading of the entire record that appellant was aware of the charge against him, that he was apprised of the facts which allegedly brought him within the purview of § 568.050, that he was represented by adequate and able counsel, and that he freely admitted violating § 568.050. The record establishes that appellant's guilty plea was voluntarily, knowingly, and intelligently made. There is no merit to appellant's point (6) and it is ruled against him.

Appellant's point (7) charges that the trial court erred in revoking appellant's probation because appellant was denied due process of law.

█ A revocation of probation is not a final judgment rendered upon an indictment or information. No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by a writ of habeas corpus. *See State v. Morgan,* 654 S.W.2d 326, 327 (Mo.App.1983), and *Boyer v. State,* 646 S.W.2d 388, 389 (Mo.App. 1983).

Appellant's point (7) is ruled against him.

The judgments are affirmed.

All concur.