(No. 41312.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RICHARD STOUT, Appellant.

*Opinion filed November 22, 1968.*

LEWIS, BLICKHAN & GARRISON, of Quincy, for appellant.

DOANE G. TRONE, City Attorney, of Rushville, for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Richard Stout, after a bench trial in the circuit court of Schuyler County, was convicted of violating a "disorderly conduct" ordinance and a "fast driving" ordinance of the city of Rushville. He was fined $50 on each charge. He appeals directly to this court on the grounds that the complaints issued against him were not sufficiently specific so as to apprise him of the nature and cause of the accusation. In addition, he charges that the evidence was insufficient to sustain the convictions for "disorderly conduct" and "fast driving" and, lastly, that the action brought against him was improperly brought in the name of The People of the State of Illinois rather than The People of the City of Rushville.

Section 9 of article II of the constitution of the State of Illinois, 1870, gives the accused in a criminal prosecution the right "to demand the nature and cause of the accusation."

Although the complaints filed against the defendant are entitled "criminal complaint", they are in effect only the customary forms for initiating a prosecution to recover a penalty for violation of a municipal ordinance.

It is settled in this State that a prosecution to recover a penalty for violation of a municipal ordinance is not a criminal proceeding and that section 9 of article II of the constitution does not apply thereto. *People* v. *Edge,* 406 Ill. 490; *City of Chicago* v. *Terminiello,* 400 Ill. 23; *City of Chicago* v. *Williams,* 254 Il. 360; *City of Chicago* v. *Knobel,* 232 Ill. 112.

Defendant in his brief admits that this issue was not raised at the trial. In addition, the defendant could have moved for a more specific statement of the charge if he felt that the complaint was insufficient in that respect. *City of Chicago* v. *Joyce,* 38 Ill.2d 368; *City of Chicago* v. *Williams,* 254 Ill. 360.

There being then no substantial constitutional questions, the cause is transferred to the Appellate Court for the Fourth Judicial District.

*Cause transferred.*