(No. 41216.—

THE CITY OF CHICAGO, Appellee, *vs.* RICHARD LAWRENCE
*et al.,* Appellants.

*Opinion filed May 28, 1969.*

JOHN M. BOWLUS and SHELI Z. ROSENBERG, (COTTON, WATT, JONES & KING, of counsel,) for appellants.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (MARVIN E. ASPEN, RONALD S. COPE, and JOHN GEORGE, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After trial by jury in the circuit court of Cook County, Richard Lawrence and James Orange were found guilty of interfering with a police officer in the performance of his duties. Each was fined $100. Claiming violations of constitutional rights as well as errors at the trial, they appeal directly to this court.

The record discloses that on November 12, 1966, the Chicago Police Department was notified that a large group intended to stage a "demonstration" outside the home of officer Burleigh Ginkle, a member of the police department. The plan was to congregate at 2:00 P.M. the next day and proceed in automobiles along 63rd Street to a designated parking area from which they would then march to Officer Ginkle's residence. Sergeant O'Malley, a 20-year member of the police department, was given orders to protect Officer Ginkle and his family from undue harassment by these people, and an assistant corporation counsel of the city was assigned to act as a legal advisor to the police. Officer Ginkle had requested that he and his family be given such protection.

On the day of the anticipated demonstration the defendants and a third individual appeared at the officer's home. They walked up on the porch of the house and began knocking on the door. No one opened it. Sergeant O'Malley and the legal advisor were parked across the street, and when they saw what was going on they walked over and told defendant that they had been assigned to keep demonstrators from disturbing Officer Ginkle and his family, and that defendants were not to pound on the door or ring the bell. The three persons came down the steps and Sergeant O'Malley and his companion began to walk back to the squad car. Before they reached it, however, the defendants and their companion went back up the steps and resumed their pounding on the door. Once again Officer O'Malley went to them. He warned them that if they continued their behavior he would have to place them under arrest. The third intruder went to the corner, where the group was assembled, but the defendants once again began pounding on the door. Sergeant O'Malley thereupon walked back up the steps of the house, escorted defendants away and told them they were under arrest.

The ordinance under which the defendants were charged provides that "Any person who shall resist any officer of the police department in the discharge of his duties, or shall in any way interfere with or hinder or prevent him from discharging his duty as such officer, or shall offer or endeavor to do so, and whoever shall in any manner assist any person in the custody of any member of the police force to escape or attempt to escape from such custody, or attempt to rescue any person in custody, shall be fined not less than ten dollars nor more than one hundred dollars for each offense." It is contended that the provisions are invalid for vagueness and for failing to expressly include scienter as an element of the offense. Defendants object that terms like "interfere with" are not defined, and hypothetical situations are pictured in which they suggest a person could violate the ordinance by

engaging in "constitutionally-protected" conduct. They urge that the ordinance must fall for not, in terms, requiring that the offense be committed "knowingly" and with knowledge that the officer was engaged in the performance of his duties.

As for the vagueness objection it is true that conduct prohibited by ordinance or statute must be described in terms definite enough to serve as a guide to those to whom it applies. But "interfere with" and "hinder" are not under all circumstances terms too indefinite to be applied. An ordinance may describe conduct by their use where the meaning is clear enough to people contemplating such behavior, the test being whether they convey sufficient definite warning as to proscribed conduct when measured by common understanding and practices. (*Cf. Jaffe* v. *Cruttenden,* 412 Ill. 606.) We do not think that under a reasonable construction the ordinance in the case at bar can be said to be unconstitutionally vague and indefinite. An ordinance or statute must be read in a sensible way, without giving necessarily general terms like "interference" such a literal application as would lead to undue restrictions on speech or some other constitutionally protected conduct. No rule of construction requires the ordinance before us to be given an absurd effect which, although within its letter, is contrary to its spirit.

Nor is it necessary to consider at length the objection that the ordinance does not in terms require the offense to have been committed "knowingly." Even if a construction could be given which would render it void because of such an absence, defendants are in no position to raise the question. It is an established rule that courts will not entertain objections to an allegedly unconstitutional feature where the objecting party is not in any way aggrieved thereby. One who would attack an ordinance or statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional. (*City of Elmhurst* v. *Buettgen,* 394 Ill. 248; *Liberty National Bank of Chicago* v. *Collins,* 388

Ill. 549, 559.) In the case at bar there was nothing inadvertent or unknowing about defendants' interference. It is clear that they acted with full scienter, the officer having in fact advised them of his assignment when he first spoke to them. Nevertheless they disregarded his explanations and went back to their pounding on the door. Their conduct was a plain interference with the officer's efforts to maintain order at the scene of the demonstration. They deliberately ignored his repeated directions, distracting his attention from the crowd on the corner and making it necessary for him to return and physically escort them from the premises. They are not in a position to raise a constitutional question based on lack of scienter.

Defendants argue next that the complaints failed to provide them with adequate notice of the charges against them. There is no merit in the contention. Examination of the complaints discloses the date and place of the offense, the name of the complainant police officer, the charge that they did then and there "interfere with him in the performance of his duties", and the chapter and section of the municipal code which was allegedly violated. This was adequate. Moreover there is no question that the defendants were aware of the facts which prompted their arrest. Indeed there had been a prior trial of these same defendants on the same charges, in which the court had declared a mistrial. And in any event the defendants could have moved for more specific statements of the charges if they felt that the complaints were insufficient in that respect. (See *People* v. *Stout,* 41 Ill.2d 292, 293.) Under circumstances such as these there is no basis for claiming on review that the complaints are not specific enough. *City of Chicago* v. *Joyce,* 38 Ill.2d 368.

Defendants next claim they were denied the right to take a discovery deposition of Sergeant O'Malley. The record contains a notice for the taking of such a deposition, which defendants say was served on the city, and a petition was filed by the latter to deny discovery by deposition. As the

city points out, however, the record contains no ruling or order granting or denying the petition. The only indication that a ruling was made is in certain recitations by defendants to the effect that the petition was allowed. The recitations appear in a motion entitled "DEFENDANTS' MOTION FOR POSTPONEMENT OF TRIAL OR, IN THE ALTERNATIVE, FOR IDENTIFICATION OF RULE OF LAW FOR IMMEDIATE APPEAL UNDER SUPREME COURT RULE 308(a)." Orders appear denying these motions. Defendants now seek to have this court determine generally whether "municipal ordinance prosecutions" are governed by the Civil Practice Act and by the rules of this court applicable to civil proceedings. We have recently pointed out that a prosecution to recover a penalty for violation of a municipal ordinance is not a criminal proceeding. (*People* v. *Stout*, 41 Ill.2d 292.) It is civil in form, although quasi-criminal in character, and ordinarily is termed a civil action rather than a criminal prosecution. (*Village of Maywood* v. *Houston*, 10 Ill.2d 117, 119.) As we observed in the *Houston* case, however, "problems in this area cannot be solved by a mere labeling process."

In any event this court cannot decide the abstract question sought to be presented here. We cannot infer what ruling was made, if any, on the city's petition, nor do the grounds appear upon which the court may have acted. Even if it be assumed that discovery depositions may be taken in proceedings of this nature, and that the court granted the city's petition to deny, it can hardly be doubted that grounds might still have existed which would warrant the court's action. In the absence of some showing that appropriate steps were taken to compel the appearance of deponent, and that the court refused discovery on the grounds that such procedure is not available, we must presume in support of the judgment that some valid ground in fact existed. (*Cf. Mullen* v. *People ex rel. Wyatt*, 138 Ill. 606.) In view of

the condition of this record no issue is presented which we can decide.

It is claimed that remarks by the assistant corporation counsel in his closing argument to the jury were irrelevant and prejudicial. The first statement complained of was made in reply to comments in defendants' argument on the absence of Officer Ginkle from the courtroom. The city's counsel merely remarked in explanation that the officer's testimony would have added nothing to the case, since he was inside the house when the acts occurred, that he was on duty at the time of the trial, and that "why should we waste your time and the court's time to bring in testimony that would merely be duplicitous (*sic*) of what has gone on before?" The contention is that by the quoted statement counsel was intimating that had Officer Ginkle been called as a witness he would have supported the city's case, and that there is nothing in the record to indicate how he would have testified. The comment was not prejudicial. It was perfectly proper as a response to defense counsel's queries in his argument as to why the officer was not produced at the trial.

The prosecutor also remarked, after referring to members of the police department and their efforts to perform their duties, that "Believe me, it is not an accident that we have not had any riots in this city this summer. We have not had them. We have had them in Newark, in New York * * *." At this point defense counsel objected. The court sustained the objection and directed the jury to disregard the statements. Defendants now insist that they were entitled to have the court grant a mistrial in spite of the ruling on their objection and the direction to disregard. We cannot agree. While the remark may not have been proper, there being no evidence that the demonstrators were approaching a riot situation, it was not sufficiently prejudicial to call for reversal under the circumstances here. Where it appears that improper remarks do not constitute a material factor in

the conviction or that they are of such a minor character that prejudice is not their probable result, the verdict will not be disturbed. (*People* v. *Swets,* 24 Ill.2d 418.) This is the case here.

Our review of this record satisfies us that the evidence amply sustains the verdict and that defendants received an eminently fair trial. The judgments of the circuit court are affirmed.

*Judgments affirmed.*