(No. 42895.—

THE CITY OF ROCKFORD, Appellee, *vs.* RICHARD GRAYNED, Appellant.

*Opinion filed Sept. 29, 1970.—Rehearing denied Dec. 3, 1970.*

SCHAEFER, J., dissenting.

SOPHIA H. HALL and McCOY, MING & BLACK, both of Rockford, for appellant.

WILLIAM E. COLLINS, Corporation Counsel, and NORTH, NORTH & OHLSON, both of Rockford, (LARRY E. OHLSON, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

On April 25, 1969, a demonstration was held in front of a high school in the city of Rockford. Richard Grayned, the defendant here, and 40 other demonstrators were arrested. A jury in the circuit court of Winnebago County found the defendant guilty of having violated, in April, 1969, sections 19.2(a) and 18.1(i) of the Code of the City of Rockford and he was fined $25 for each violation. A challenge to the constitutionality of these ordinances has been raised which gives this court jurisdiction on direct appeal.

Section 19.2(a) provides, insofar as is pertinent: "That no person, while on public or private grounds adjacent to any building in which a school or any class thereof is in session, shall willfully make or assist in the making of any noise or diversion which disturbs or tends to disturb the peace or good order of such school session or class thereof * * *."

The defendant first argues that this ordinance is unconstitutional on its face because its "terms are so vague that they fail to give the notice [of what conduct is prohibited] required by the Due Process Clause of the Fourteenth Amendment, and are so broad as to condemn the exercise of First Amendment freedoms." He complains

relatedly that the ordinance vests unlimited discretion in law enforcement officials to determine the prohibited conduct. We have recently considered and sustained the constitutionality of ordinances and statutes which have been challenged on grounds of being vague and overly broad, including the grounds, which are complained of here, that proscribed conduct was not sufficiently specified and that police were given too broad a discretion in determining whether conduct was proscribed. (See *City of Chicago* v. *Fort,* 46 Ill.2d 12; *City of Chicago* v. *Meyer,* 44 Ill.2d 1; *City of Chicago* v. *Lawrence,* 42 Ill.2d 461; *People* v. *Raby,* 40 Ill.2d 392.) Much of what we said there has application here and there is no necessity of repetitious or extended discussion. We do observe that while the defendant charges that terms appearing in the ordinance such as "noise" and "diversion" lack constitutional precision and are too indefinite, terms such as "alarm," "disturb," "interfere with," and "hinder" have been determined by us to comply with the constitutional requirements of specificity. (*City of Chicago* v. *Lawrence,* 42 Ill.2d 461; *People* v. *Raby,* 40 Ill.2d 392.) The terms here are not constitutionally objectionable.

It cannot be doubted that the State has a legitimate interest in preserving the peace and good order of its school system. (*Cf. Brown* v. *Louisiana,* 383 U.S. 131, 143, 15 L. Ed. 2d 637, 646, 86 S. Ct. 719; *Cox* v. *Louisiana,* 379 U.S. 559, 574, 13 L. Ed. 2d 487, 498, 85 S. Ct. 476.) While the ordinance may be susceptible to unconstitutional application, its constitutionality does not depend on conjectured misapplication. (*People* v. *Raby,* 40 Ill.2d 392, 397; *Landry* v. *Daley* (N.D. Ill. 1968), 280 F. Supp. 938, 960.) Although the argument that the ordinance has been unconstitutionally applied is not advanced in this case, our stated position is that we shall deal with extreme circumstances which might cause an unconstitutional application of an ordinance "if and when they arise." (*City of Chicago* v. *Fort, ante,* p. 12.) Our conclusion here is that the ordinance

in question on its face is "a valid law dealing with conduct subject to regulation so as to vindicate important interests of society and that the fact that free speech is intermingled with such conduct does not bring with it constitutional protection." (*Cf. Cox* v. *Louisiana,* 379 U.S. 559, 564; 13 L. Ed. 2d 487, 492.)

It is next contended that section 19.2(a) is void because the penalty provisions applicable to the ordinance would exceed the power to impose penalties granted to municipalities by the legislature. Since section 19.2(a) itself does not contain a provision for a penalty, the general penalty section of the Code of Ordinances applies. That section (City of Rockford Code of Ordinances, ch. 28, sec. 1.8) provides, so far as is  pertinent: "It shall be unlawful for any person to violate or fail to comply with any provision of this Code and where no specific penalty is provided therefor, the violator shall be punished by a fine not less than ten dollars and not exceeding two hundred dollars or imprisonment for a term not exceeding six months or by both such fine or imprisonment  *  *  *."

The power of a municipality to provide for fines or penalties, as of the date of the violation here, did not include any authority to jail an offender, excepting the authority to jail in the event of failure to satisfy a fine or costs. (Ill. Rev. Stat. 1967, ch. 24, par. 1—2—1, par. 1—2—9.) Since a municipality can legislate only upon or with reference to that which has been authorized by the General Assembly (*People ex rel. Skokie Town House Builders, Inc.* v. *Village of Morton Grove,* 16 Ill.2d 183, 189), that portion of the Rockford ordinance which provided for incarceration attempted to exceed the conferred authority. We consider, however, that this defect does not affect the remainder of the penalty section, that is, section 1.8 absent the power to jail provision, or the section defining the substantive violation, that is, section 19.2(a). In *Brown* v. *City of Chicago,* 42 Ill.2d 501, 505, we said: "If what remains

after the invalid portion is striken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render void the entire ordinance unless it can be said that the city council would not have passed it with the invalid portion eliminated." We judge that the remainder of the ordinance is complete in itself and capable of being independently executed.

The last contention of the defendant is that his conviction for disorderly conduct under section 18.1(i) of the Rockford Code must be set aside for the reason that this section effects an unreasonable and arbitrary classification violative of the first and fourteenth amendments of the United States Constitution. The ordinance says: "A person commits disorderly conduct when he knowingly: * * * (i) Pickets or demonstrates on a public way within 150 feet of any primary or secondary school building while the school is in session and one-half hour before the school is in session and one-half hour after the school session has been concluded, provided that this subsection does not prohibit the peaceful picketing of any school involved in a labor dispute; * * *." Rockford Code of Ordinances, ch. 28, sec. 18.1(i).

The defendant's complaint is directed at the part of the ordinance which provides that the peaceful picketing of a school involved in a labor dispute is not prohibited. However, we do not regard the classification in the ordinance as arbitrary. While a classification cannot, of course, be arbitrary, this court has said: "In order to authorize a judicial review of such classifications it must clearly appear that there is no fair reason for the law that would not require with equal force its extension to others not included. The legislature may determine upon what differences a distinction may be made for the purpose of statutory classification, between provisions otherwise having resemblance, if such power is not arbitrarily exercised and the distinction

has a reasonable basis." (*Bagdonas* v. *Liberty Land and Investment Co.,* 309 Ill. 103, 109.) Too, we said in *People ex rel. Conservation District* v. *Lenover,* 43 Ill.2d 209, 219: "The burden of proving the arbitrariness of a classification is on the one who challenges it." And, at page 217: "Only if it can be said that the classification is clearly unreasonable and palpably arbitrary will a court declare the statute invalid." We cannot say that the city council of Rockford acted arbitrarily here in making the classification. Whether the council considered that the livelihood of persons involved in a labor dispute would typically be concerned or that it was familiar with the usual form of labor picketing or whether other considerations led to the classification we cannot say. But we can say it would be arbitrary for us to conclude from this distance under the circumstances that the act of the city was one of arbitrary discrimination.

The defendant would have us adopt the view of Justice Black in a concurring opinion in *Cox* v. *Louisiana,* 379 U.S. 559, 581, 13 L. Ed. 2d 487 at 502. There he said that he regarded a statute's exemption of picketing and assembly by labor unions in protest of unfair treatment from the statute's operation as invidious discrimination. However, it must be observed that the expression was that of a single justice not that of the court. The court's decision on the point rested on other grounds.

Too, the statute there was a broad one, relating to the obstruction of public passageways, including streets, sidewalks and public buildings and it provided that labor organizations were exempt from its application. Justice Black considered that the statute was "trying to prescribe by law what matters of public interest people whom it allows on the streets may or not discuss." (379 U.S. at 581, 13 L. Ed. 2d at 502.) The statute here is a narrow one relating only to picketing or demonstrating within 150 feet of a school in session which is involved in a labor dispute. It does not have a potential consequence as the one Justice Black condemned.

498

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

In my opinion section 18.1(i) of the Code makes an arbitrary discrimination when it prohibits picketing on a public way within 150 feet of any school building but exempts the peaceful picketing of any school involved in a labor dispute. The considerations suggested in the opinion of the majority are not persuasive, and I am unable to conceive of any reason which would justify the discrimination effected by the ordinance.