**CITY OF HERMANN,**
**Plaintiff-Respondent,**

v.

**Walter HUXOL, Defendant-Appellant.**

No. 43729.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 11, 1982.

Motion for Rehearing and/or Transfer
Denied June 18, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Harvey M. Tettlebaum, Jefferson City, for appellant-defendant.

P. Dennis Barks, Hermann, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant was convicted by a jury of violating a resisting arrest ordinance for the City of Hermann (hereafter City), Rev. Ordinances, Ch. 17, Section 33 (1943), and fined $1.00 and costs. A motion for acquittal was granted for a companion case of careless and reckless driving. Defendant appeals.

On February 6, 1980, Hermann police were in the process of towing damaged automobiles belonging to defendant from a weeded area that he owned. Defendant and his brother drove up and bumped the police officer's auto. The defendant started shouting obscenities and shaking his fist at the mayor, the city administrator, and Officer Ellis. Defendant and his brother emerged from the automobile. Defendant's brother grabbed the tow-truck operator's arm and said to him: "You cannot do that, Harvey, you're nothing but a thief." Defendant was visibly angry and talking in a loud voice. Defendant said: "If you move those cars you're dead." When defendant was placed under arrest, both brothers be-

gan swinging their arms and fists at the officer. At one point in the struggle, defendant attempted to reach for the officer's holstered gun. The officer used mace and a night stick in subduing defendant.

Defendant contends in his first point that under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Missouri Constitution, the resisting arrest ordinance is vague and indefinite. The pertinent part of the ordinance provides:

> Any person who shall resist, assault or strike any officer of the City of Hermann, while said officer is making an arrest, or in the discharge of any other duty, ... shall be deemed guilty of a misdemeanor.

Defendant relies on *Landry v. Daley*, 280 F.Supp. 968, 972–73 (N.D.Ill.1968), in asserting that the ordinance does not require the elements of intent and knowledge and is thus constitutionally infirm. We disagree.

In *Landry*, a resisting arrest ordinance similar to the Hermann ordinance was found unconstitutionally vague and indefinite. *Id.* at 973. The district court held that a crime must include, as requisites of due process, the elements of intent and knowledge. Comparing the ordinance with the related state statute, the district court noted that the ordinance omitted intent and knowledge as elements of resisting arrest and in broad language referred to "duties" of and "interference" with an officer. *Id.* at 972–73. The court concluded that the ordinance therefore failed to give to the average citizen fair notice of prohibited conduct. *Id.* at 973.

We are not bound, however, by lower federal court decisions. *Hanch v. K. F. C. Nat'l Management Corp.*, 615 S.W.2d 28, 33 (Mo.banc 1981). Furthermore, one year after the *Landry* decision, the Supreme Court of Illinois found the same ordinance constitutional. *City of Chicago v. Lawrence*, 42 Ill.2d 461, 248 N.E.2d 71, *cert. denied*, 396 U.S. 39, 90 S.Ct. 263, 24 L.Ed.2d 208 (1969). The court held that the language of the ordinance was definite and gave fair notice

when read in a sensible manner. *Id.,* 42 Ill.2d at 464, 248 N.E.2d at 73.

An ordinance violates due process when "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *Hanch v. K. F. C. Nat'l Management Corp.,* 615 S.W.2d at 34, *quoting Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). The resisting arrest ordinance of the City of Hermann gives a person of ordinary intelligence fair notice in clear simple language that resisting an officer while he is making an arrest or discharging his duties is forbidden. *See City of Chicago v. Lawrence,* 42 Ill.2d at 464, 248 N.E.2d at 73; *State v. Andazola,* 622 P.2d 1050, 1051 (N.M.App.1981). Moreover, although knowledge and intent are not expressly required under this ordinance, we believe both elements were present in this case. The record indicates defendant was fully aware that Ellis was acting in his capacity as a police officer. The City's evidence also reflects that defendant's conduct was intentional, first in attempting to prevent the towing of his cars and then in trying to avoid the officer's control over him. Defendant's violation obviously did not result from mistake as to the officer's identity or from mere inadvertent actions.

In defendant's second point, he contends that the trial court erred in refusing to quash the information because it does not allege knowledge or willfulness to resist arrest and therefore fails to allege a crime. We disagree.

The test for sufficiency of an information is whether it states the essential elements of the offense so as to adequately apprise the defendant of the charge against him and whether final disposition of the charge will bar further prosecution for the same offense. *State v. Downs,* 593 S.W.2d 535, 540 (Mo.1980). An information charging the violation of a city ordinance sufficiently states the elements of the offense if it describes the offending act in the language of the ordinance. *Kansas City v. LaRose,* 524 S.W.2d 112, 116 (Mo.banc 1975). The City's information meets this test.

Knowledge and willfulness are not necessary parts of the information when the resisting arrest ordinance does not specifically require them. *See City of St. Joseph v. Blakley,* 486 S.W.2d 511, 513–14 (Mo.App. 1972). The trial court properly overruled defendant's motion to quash the information.

Defendant argues in his third and fourth points that the trial court erred in giving the City's instruction on resisting or interfering with arrest, patterned after MAI–CR 29.60. Defendant asserts that the court should have given instructions which defined "knowingly" and "arrest", and which required findings of both knowledge and intent to resist arrest and probable cause to arrest.

Defendant's assertions are without merit. First, the City's instruction did require the jury to find knowledge and intent to resist arrest. Second, a finding of probable cause to arrest was not required since resisting arrest is a crime regardless of the lawfulness of the arrest. Section 575.150 RSMo 1978. Third, the trial court properly refused to define knowingly and arrest. Note on Use 8 to MAI–CR 33.30 provides that the court must not give a definition unless the Notes on Use expressly require or permit it. Notes on Use following MAI–CR 29.60 neither permit nor require the definition of knowingly or arrest. The trial court therefore properly gave the City's instruction to the jury. As the applicable MAI–CR instruction, its use is mandated by Rule 28.-02(c). *State v. Hampton,* 607 S.W.2d 225, 227 (Mo.App.1980).

Defendant's last point, that the verdict is against the evidence, raises nothing for appellate review. *See City of St. Joseph v. Blakley,* 486 S.W.2d at 513.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.