**CITY OF BERKELEY, Respondent,**

v.

**Janet Rose STRINGFELLOW,**
Appellant.

No. 55347.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 30, 1990.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Glen Hunt, St. Louis, for appellant.

David Alan Horwitz, Clayton, for respondent.

CRIST, Judge.

Defendant appeals her convictions of exceeding the posted speed limit and resisting lawful arrest. We affirm the speeding charge and reverse the resistance to lawful arrest charge.

Viewed in a light most favorable to the verdict, the evidence reveals on August 1, 1987, Police Officer Richard Sounders of the City of Berkeley police department noticed a blue Chevrolet Camero driven by defendant traveling at a high rate of speed on Interstate 170. Officer activated his radar equipment which clocked the blue Camero at 77 miles per hour. The posted speed limit on Interstate 170 is 55 miles per hour.

Officer attempted to pull the defendant over. The defendant exited the Highway at Scudder Road and stopped at the top of the ramp. Officer got out of his car and approached the defendant. Officer asked for defendant's driver's license. Defendant complied but denied any wrongdoing. Officer informed defendant his radar clocked her automobile's rate of speed at 77 miles per hour. Defendant demanded to see his radar equipment and officer allowed her to view it.

Officer filled out a citation and asked defendant to sign it. Defendant refused. Officer explained that by signing the citation she was only promising to appear at the given court date, not admitting exceeding the posted speed limit. Defendant continued to refuse to sign the citation. Officer explained to defendant he would have to take her into custody if she refused to

sign the citation. Defendant still refused to sign the citation and told officer he would have to lock her up. Officer then informed her she was under arrest. He attempted to handcuff her and was able to get a handcuff over her right hand. Thereafter a fight ensued. Defendant turned to face officer, grabbed his left arm with her hand and began to scratch his arm with her fingernails. She continued struggling and officer could not get control of her. Finally, officer had to physically push her to the ground, put his weight on top of her, and bring her hands behind her back to get them cuffed together. She still continued to struggle refusing to stand and officer was only able to get her to his car by physically dragging her. Defendant was taken to Christian Northwest Hospital for the purpose of having a blood sample drawn.

Defendant was charged by information with exceeding the posted speed limit, driving while intoxicated, assault third degree on a police officer, possession of a controlled substance, and resisting a lawful arrest. City of Berkeley's municipal judge found defendant guilty on all counts. Defendant subsequently petitioned the circuit court for trial de novo. The cause was heard on August 18, 1988. The circuit court found defendant guilty of resisting lawful arrest and speeding. Defendant was fined $100 for the charge of resisting lawful arrest and $25 for the charge of exceeding the posted speed limit. Defendant appeals. No brief was submitted by the respondent, City of Berkeley, nor did counsel for City of Berkeley appear for oral argument.

■ Defendant asserts the trial court lacked jurisdiction over the resisting lawful arrest charge because the information failed to allege sufficient facts upon which a verdict could be predicted. Rule 37.34 requires all ordinance violations be prosecuted by information. Rule 37.35 in part requires "[t]he information ... state the name of defendant ... state plainly, concisely, and definitely the essential facts constituting the ordinance violation charged ... state the time and place of the

ordinance violation charged ... cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment. ..."

The information charging defendant with resisting lawful arrest states only that on August 1, 1987, at Scudder and I–170 at 6:05 p.m., Janet Rose Stringfellow did unlawfully "resist a lawful arrest." The information is signed by the arresting officer and the City of Berkeley Prosecutor. No ordinance violation appears on the information.

■ Although an information charging an ordinance violation is not subject to the same degree of strictness and particularity applicable to testing the sufficiency of indictments and informations in criminal cases, it must nevertheless set forth facts which if found true would constitute the offense prohibited by the ordinance. *City of Kansas City v. Harbin,* 600 S.W.2d 589, 592[2–5] (Mo.App.1980), citing *City of Kansas City v. Narron,* 493 S.W.2d 394, 398[2–4] (Mo.App.1973).

■ The test for sufficiency of an information is whether it states the essential elements of the offense so as to adequately apprise the defendant of the charge against her and whether final disposition of the charge will bar further prosecution for the same offense. *City of Hermann v. Huxol,* 637 S.W.2d 89, 91[3–5] (Mo.App.1982).

The information charging defendant with resisting lawful arrest does not comply with Rule 37.35 nor does it comply with the test for sufficiency. It does not set forth an ordinance violated as required by the rule; it does not allege any essential facts constituting a violation of an ordinance; it does not allege any elements of the crime intended to be charged. The resisting arrest information was insufficient. Because of the disposition of this offense, we need not address any of defendant's other points of alleged error concerning the resisting lawful arrest charge.

■ Defendant next asserts the trial court erred in claiming jurisdiction over the speeding charge because the certified copy

of the ordinance presented by City of Berkeley at trial was an ordinance which was not in effect on August 1, 1987, the date of the occurrence. However, defendant failed to object when the prosecutor presented the ordinance for admission by stipulation of the parties. Challenges to the validity of an ordinance, like challenges to the constitutionality of an ordinance must be raised at the first opportunity that good pleading and orderly procedure permit and if not so raised are deemed waived. *City of St. Louis v. Aetna Casualty and Surety Co.*, 429 S.W.2d 252, 254[1] (Mo. 1968); *see also McDonald v. Plas*, 401 S.W.2d 929, 935[8, 9] (Mo.App.1966); *City of Frankford v. Davis*, 348 S.W.2d 553, 554–555[4, 5, 6] (Mo.App.1961). In failing to raise the issue of the validity of the ordinance at the first available opportunity, she waived her right to challenge it. Point denied.

■ Finally defendant contends the trial court erred in finding defendant guilty of the charge of speeding because there was insufficient evidence to support the judgment. The evidence must be construed most strongly in favor of the result reached in the trial court and the facts in evidence and all inferences reasonably to be drawn therefrom are to be considered in a light most favorable to the city and all evidence and inferences to the contrary are to be disregarded. *City of Jackson v. Rapp*, 700 S.W.2d 498, 499[1] (Mo.App. 1985).

Officer testified at trial that on August 1, 1987 at about 6 p.m. he was on duty monitoring the traffic flow on Interstate 170 southbound. He had his radar gun with him which he had tested himself just shortly before he began monitoring traffic. His tests, which included tuning the radar gun with two different tuning forks and checking of the internal calibration to assure all the diodes were properly working, resulted in an accurate display from the radar gun. Officer also testified he is a certified radar instructor. He testified that his particular radar gun had last been certified and calibrated on June 17, 1987.

Officer testified he noticed a blue Chevrolet Camero traveling at a "very high rate of speed." The posted speed limit on Interstate 170 is 55 miles per hour. Officer pointed the radar gun out through the rear window of his vehicle and was able to track defendant's vehicle approaching the rear of his vehicle. The radar reading initially displayed a speed of 77 miles per hour and then locked in on a speed of 76 miles per hour. Officer testified no other car interfered with the radar reading of the speed of defendant's car.

The speed measuring accuracy of the radar gun was shown by evidence tending to prove it was tested and shown to be accurate by the use of two separate tuning forks and by checking the internal calibration. There was sufficient evidence to support a finding the radar gun accurately displayed defendant's automobile exceeded the posted speed limit. *State v. Guenther*, 744 S.W.2d 564, 565[1, 2] (Mo.App.1988). This point is denied.

The judgment of guilty of resisting lawful arrest is reversed. The judgment of guilty of exceeding the posted speed limit is affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.