THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES PEOPLES, Defendant-Appellant.

First District (2nd Division)   No. 1—90—0221

Opinion filed September 10, 1991.

Randolph N. Stone, Public Defender, of Chicago (Kim L. Sorrells and James H. Reddy, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Latz, and Loren A. Seidner, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

James Peoples appeals from his judgment of conviction for the second degree murder (unreasonable belief that killing was justified) of Robert Wilkins, claiming: (1) that the State failed to afford him due process of law by requiring him at trial to prove, in order to escape a first degree murder conviction, that he believed that the killing was justified; (2) that this requirement denied him the equal protection of

the law relative to criminal defendants who do not have to prove a mitigating factor to escape a conviction for a crime; and (3) that the requirement improperly deprives the State's Attorney of the power to determine what charge to bring against a defendant. Peoples seeks a reversal of his conviction.

Peoples was tried without a jury on one count of first degree murder (intent to kill or do great bodily harm, or knowledge that acts would kill) pursuant to section 9—1(a)(1) of the Criminal Code of 1961, as amended (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(1)), and on one count of first degree murder (knowledge that acts created a strong probability of death or great bodily harm) pursuant to section 9—1(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 9—1(a)(2)), for the December 31, 1988, stabbing death of Robert Wilkins. He was acquitted of both counts and convicted instead of second degree murder (unreasonable belief that killing was justified) pursuant to section 9—2(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 9—2(a)(2)), and sentenced to four years' probation.

Section 9—2(a)(2) of the Code provides:

> "A person commits the offense of second degree murder when he commits the offense of first degree murder as defined in paragraphs (1) or (2) of subsection (a) of Section 9—1 of this Code and either of the following mitigating factors are present:
> ***
>
> (2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code [section 7—1 *et seq.* (Ill. Rev. Stat. 1987, ch. 38, par. 7—1 *et seq.*)], but his belief is unreasonable."

According to section 9—2(c) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 9—2(c)):

> "When a defendant is on trial for first degree murder and evidence of either of the mitigating factors defined in subsection (a) of this Section has been presented, the burden of proof is on the defendant to prove either mitigating factor by a preponderance of the evidence before the defendant can be found guilty of second degree murder. However, the burden of proof remains on the State to prove beyond a reasonable doubt each of the elements of first degree murder ***."

Peoples first argues that section 9—2(c), by placing the burden on him to prove the presence of the mitigating factor, relieves the State of the burden of proving every element of the crime beyond a reasonable doubt, and therefore deprived him of due process of law. (U.S.

Const., amend. XIV, §1.) Second, he claims that section 9—2(c) prevents first degree murder defendants from pleading guilty to the lesser charge of second degree murder, and therefore forces them to risk conviction for first degree murder even when the State agrees that they are guilty only of the lesser charge. Thus, first degree murder defendants are treated differently from other criminal defendants who do not have to prove a mitigating factor to lessen the severity of their crime, and this differentiation impinges on the fundamental "right to just treatment in the criminal process" so as to deny first degree murder defendants "the equal protection of the laws." (U.S. Const., amend. XIV, §1.) Finally, he avers that section 9—2(c) prevents State's Attorneys from charging a defendant with second degree murder and that therefore the passage of the law was an exercise by the legislative branch of a power "properly belonging to" the executive branch, in violation of section 1 of article II of the Illinois Constitution. Ill. Const. 1970, art. II, §1.

■ The State responds that Peoples has no standing to raise the foregoing arguments. We agree. In *People v. Esposito* (1988), 121 Ill. 2d 491, a defendant who had been issued a judicial driving permit pursuant to section 6—206.1 of the Illinois Driver Licensing Law (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1) challenged the law on the ground that it violated section 1 of article II of the Illinois Constitution (Ill. Const. 1970, art. II, §1), by giving the Secretary of State the power to review a circuit court's grant of such a permit, and the equal protection clause of the United States Constitution (U.S. Const., amend. XIV, §1), by not authorizing persons who are not Illinois residents to apply for such permits. The court, noting that the Secretary of State had not interfered with the circuit court's grant of the judicial driving permit and that the defendant was an Illinois resident, held that she had no standing to challenge the constitutionality of the provision:

> "A party may question the constitutional validity of a statutory provision only if he or she has sustained or is in immediate danger of sustaining some direct injury as a result of enforcement of the statute." 121 Ill. 2d at 512.

■ In *City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, defendants were "found guilty of interfering with a police officer in the performance of his duties." (42 Ill. 2d at 462.) They claimed on appeal that the ordinance under which they were convicted was unconstitutional because it did not require that "the offense be committed 'knowingly' and with knowledge that the officer was engaged in the

performance of his duties." The court held that they had no standing to attack the ordinance on those grounds because:

> "It is an established rule that courts will not entertain objections to an allegedly unconstitutional feature where the objecting party is not in any way aggrieved thereby. One who would attack an ordinance or statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional." (42 Ill. 2d at 464.)

The court stated that the evidence of defendants' knowledge was so overwhelming that "[t]hey are not in a position to raise a constitutional question based on lack of scienter." 42 Ill. 2d at 465.

■ In the case at bar, Peoples was successful in proving the existence of the factor which allowed him to be convicted of second degree murder instead of first degree murder. Therefore, he was not prejudiced by having to shoulder the burden of proof on the issue; moreover, the issue became moot when he undertook such burden successfully. Accordingly, he has no standing to raise the due process and equal protection arguments. In addition, because Peoples was convicted of second degree murder, he has no standing to challenge the constitutionality of the State's Attorney's alleged inability to charge him with that crime.

Moreover, the issues he raises have already been thoroughly aired and decided adversely to his position. (See *People v. Lyons* (1st Dist. 1991), 213 Ill. App. 3d 617, 620; *People v. Gore* (1st Dist. 1991), 212 Ill. App. 3d 984, 994-97; *People v. Clark* (4th Dist. 1991), 207 Ill. App. 3d 439, 444-49; *People v. Jerome* (2d Dist. 1990), 206 Ill. App. 3d 428, 436; *People v. Burks* (3d Dist. 1989), 189 Ill. App. 3d 782, 784-85.) Accordingly, we affirm Peoples' conviction.

Affirmed.

HARTMAN and DiVITO, JJ., concur.