CITY OF COOL VALLEY,
Plaintiff/Respondent,

v.

Arthur L. LeBEAU, Jr.,
Defendant/Appellant.

No. 60258.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 1992.

---

Arthur LeBeau, Jr., pro se.

W. Scott Pollard, Government Counsel, Florissant, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction in circuit court for violations of municipal ordinances of the City of Cool Valley. The violations involved a building which allegedly was not in compliance with the property maintenance code. He was cited in four counts and fined $100.00 on each count. We reverse.

On appeal his principal allegation is that the information was defective and, thus, the court did not have jurisdiction to find him guilty of the alleged offenses. He argues the information did not allege the place the violations were committed, and, therefore, does not indicate they occurred within the city limits of Cool Valley. The City has not favored us with a brief. Our examination reveals that the information neither alleges that the offenses were committed within nor that the building was located within the city limits.

Rule 37.35(b)(3) requires the information to state the time and place of the ordinance violation as definitely as possible. If an information is insufficient, the trial court acquires no jurisdiction and whatever thereafter transpires is a nullity. *State v. Atterberry,* 659 S.W.2d 339, 341 (Mo.App.1983); *See also,* 42 C.J.S. *Indictments and Informations* § 90 (1991). We note that certain matters are capable of judicial notice by a court. However, nothing in this information enables us to judicially notice that the building in question was within the city limits of Cool Valley. We note that it is basic to any criminal or quasi-criminal prosecution that the offense has to occur within the jurisdiction of the court hearing the case. Generally in cases of city ordinances, the information is not required to be as specific as those in a criminal case. *Kansas City v. LaRose,* 524 S.W.2d 112, 116 (Mo. banc 1975). However, from the face of the information here, it is clear the trial court did not have jurisdiction. We reverse.

GARY M. GAERTNER and CRANE, JJ., concur.