**CITY OF MONTGOMERY,**
**Respondent,**

v.

**Ricky CHRISTIAN, Appellant.**

**No. ED 83661.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 21, 2004.

---

Daniel W. Deiter, Jr., Montgomery City, MO, for appellant.

Eric T. Tolen, Montgomery City, MO, for respondent.

BOOKER T. SHAW, Judge.

Ricky Christian ("Driver") appeals from the trial court's judgment convicting him of resisting arrest, driving while revoked, hazardous driving, and operating a motor vehicle in a careless and imprudent manner. Driver raises four points on appeal. First, Driver argues each information filed was insufficient to confer jurisdiction in Montgomery County Municipal Court. Second, Driver claims the trial court lacked jurisdiction to adjudicate the resisting arrest charge because he claims the evidence reflects the alleged violation did not take place in Montgomery City. Third, Driver challenges the validity of Ordinance

No. 7–2002 which governs the criminal ordinances under which Driver was charged with. Finally, Driver alleges the trial court lacked jurisdiction to hear the cause because the information filed was insufficient to base a prosecution upon. We reverse.

As a preliminary matter, we note the City failed to file a respondent's brief in this matter. "When one party fails to file a brief, [this Court] is left with the dilemma of deciding the case (and possibly establishing precedent for future cases) without the benefit of that party's authorities and point of view. Appellate courts should not be asked or expected to assume such a role." *State v. Musil*, 935 S.W.2d 379, 380 (Mo.App. S.D.1996) (citing *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Despite the absence of the City's brief, we will address Driver's appeal.

On July 6, 2002, Montgomery City Police Officer Shawn Bell ("Officer Bell") was on routine patrol when he observed two vehicles parked in an unusual manner on the shoulder of Highway 19. Officer Bell approached the scene and made contact with a female driver in a pickup truck. While speaking to the female driver, the driver of the other vehicle, a van, pulled off of the shoulder and back onto the highway. The female driver told Officer Bell the van had struck her truck and she had not exchanged information with the other driver before the van pulled away from the shoulder.

Officer Bell returned to his vehicle and activated the lights and sirens in an attempt to stop the van as it continued moving southbound along Highway 19 at an excessive rate of speed. The driver stopped briefly at a service station along Highway 19 and shut off his engine. After Officer Bell pulled up behind the van and waited for backup, the driver started the van's engine again and drove off. The pursuit continued, at which time Officer Bell observed the van travel over the double yellow center line of the highway more than once, and saw it pass several vehicles in a no passing zone. Officer Jared Brooks, who joined Officer Bell as backup, observed the van cross into the northbound lane and force vehicles off of the road and onto the shoulder.

As the pursuit approached the city limits, Officer Bell contacted the New Florence Police Department for assistance. Officer Hollis Crawford ("Officer Crawford") of the New Florence Police Department arrived at Highway WW with his canine unit in an attempt to stop the van. Upon approaching Officer Crawford's vehicle blocking the highway, Driver exited the van and began to run on foot, but was apprehended and arrested.

Driver was issued several citations, *inter alia*, resisting arrest, driving while revoked, hazardous driving, and operating a motor vehicle in a careless and imprudent manner. Driver was found guilty at the municipal level and again later after a trial *de novo*. Driver was convicted on all counts. Driver received a ten day jail sentence and five year suspended execution of sentence for resisting arrest. Driver received a ten day jail sentence and five year suspended execution of sentence for driving while revoked as well. Driver was sentenced to pay a $500.00 fine plus costs for careless and imprudent driving, and an additional $500.00 fine plus costs for hazardous driving. Driver appeals from this judgment.

Upon review, the evidence and reasonable inferences therefrom are viewed in the light most favorable to the municipality. *City of University City v. MAJ Investment Corp.*, 884 S.W.2d 306, 307 (Mo. App. E.D.1994). All evidence and infer-

ences to the contrary are to be disregarded. *Id.* When reviewing convictions under municipal ordinances, we must sustain the judgment of the trial court unless there is no substantial evidence to support it. *Id.*

In his first point on appeal, Driver argues the trial court erred in holding the information filed relating to each charge was sufficient to confer jurisdiction upon the court. Driver claims each information fails to: (1) allege the essential facts of the underlying charge; (2) allege the location of the ordinance violation; (3) cite the chapter and section providing the penalty or punishment for the underlying charge; and (4) state the name of the prosecuting municipality. Driver raised all of these defects in a motion to dismiss the charges before trial and again during the trial.

■ In order for an information to be sufficient, it must be in writing, signed by the prosecutor, and filed in the court with jurisdiction over the ordinance violation. Rule 37.35(a). Moreover, the information shall: (1) state the name of the defendant; (2) state plainly, concisely, and definitely the essential facts constituting the ordinance violation charged; (3) identify the time and place of the ordinance violation charged; (4) cite the chapter and section of the ordinance alleged to have been violated and the chapter and section providing the penalty or punishment; and (5) state the name of the prosecuting county or municipality. Rule 37.35(b). "An information charging a violation of a city ordinance must allege specific facts amounting to a violation." *City of Chesterfield v. DeShetler Homes, Inc.,* 938 S.W.2d 671, 673–74 (Mo.App. E.D.1997). An information is considered sufficient if it describes the violation charged in the language of the ordinance itself. *Jordan v. City of Kansas City,* 972 S.W.2d 319, 324 (Mo. App. W.D.1998). While Rule 37.35 presents many requirements, this type of information is not held to the same rule of strictness as charges presented in a criminal case. *DeShetler Homes,* 938 S.W.2d at 674. "If an information is insufficient, the trial court acquires no jurisdiction and whatever thereafter transpires is a nullity." *City of Cool Valley v. LeBeau,* 824 S.W.2d 512, 513 (Mo.App. E.D.1992).

■ The information for resisting arrest reads, "In the circuit court of Montgomery County, Municipal Division, on or about July 6, 2002, upon, at or near Highway 19 and WW" Driver was "resisting arrest by flight" in violation of local ordinance 210.140. The information is signed by the prosecutor. Ordinance Section 210.140 states in pertinent part:

A. A person commits the offense of resisting or interfering with arrest if, knowing that a Law Enforcement Officer is making an arrest, or attempting to lawfully detain or stop an individual or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:

1. Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer;

In *City of Berkeley v. Stringfellow,* 783 S.W.2d 501 (Mo.App. E.D.1990), the defendant was issued a citation stating he was "resisting a lawful arrest" and was convicted. This Court reversed the conviction, holding the citation failed to contain a recitation of the essential facts of the underlying charge and it did not track the language of the ordinance. *Id.* at 503. Compare, *City of Maplewood v. Marti,* 891 S.W.2d 500, 504 (Mo.App. E.D.1994) (holding the summons was sufficient to support the charge of resisting arrest where it stated, "[d]id unlawfully resisting [sic] ar-

rest by using physical force in pushing himself away from and trying to flee from Sgt. Griffin and Police Officer Martin.").

It is clear the information regarding resisting arrest is defective because it does not allege the essential facts of the underlying charge. Driver could have violated the ordinance in a variety of ways, none of which are clear from the language used by the arresting officer. The omission of essential facts is fatal to the information. *Stringfellow*, 783 S.W.2d at 503. Moreover, the information fails to allege the municipality prosecuting the violation and the chapter and section providing the penalty or punishment as required pursuant to Rule 37.35(b)

■ The information on the driving while revoked conviction reads, "In the circuit court of Montgomery County, Municipal Division, on or about July 6, 2002, upon, at or near Highway 19" Driver was "driving while revoked" in violation of local ordinance 390.010. The information is signed by the prosecutor.

Ordinance Section 390.010 states:

A person commits the offense of driving while revoked if he/she operates a motor vehicle on a highway when his/her license or driving privilege has been canceled, suspended or revoked under the laws of this State and acts with criminal negligence with respect to knowledge of the fact that his/her driving privilege has been canceled, suspended or revoked.

■ A culpable mental state is an essential element of driving while revoked, the omission of which is fatal. *State v. Quigley*, 829 S.W.2d 117, 119 (Mo.App. S.D. 1992); *State v. Merritt*, 833 S.W.2d 4, 6 (Mo.App. S.D.1992). This information contains no allegation of Driver's mental state. Moreover, this information fails to name the municipality prosecuting the violation and the chapter and section providing the penalty or punishment as required per Rule 37.35(b).

■ The information on the careless and imprudent driving conviction states, "In the circuit court of Montgomery County, Municipal Division, on or about July 6, 2002, upon, at or near Highway 19" Driver was engaged in "C and I Driving (Passing on roadway when not safe/driving head on with vehicles) (see statements)" in violation of local ordinance 340.170. The information is signed by the prosecutor.

Ordinance Section 340.170 requires "[e]very person operating a motor vehicle on the highways of this City shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."

In *State v. Henderson*, 750 S.W.2d 507 (Mo.App. W.D.1988), the driver challenged the sufficiency of the information for careless and imprudent driving where it alleged the driver operated a vehicle "on U.S. Highway No. 136 in a careless and imprudent manner in that he caused said vehicle to leave the traveled portion of the roadway." *Henderson*, 750 S.W.2d at 513. While recognizing the information was not "ideal," the court held it set forth the essential facts and the manner in which the driver operated his vehicle carelessly and imprudently. *Id.* "Simply because the information failed to state that said careless and imprudent operation of the vehicle endangered the life, limb or property of another does not make the information insufficient." *Id.*

Similarly, in this case, the information fails to allege specifically any endangerment of life, limb, or property, although it could be inferred that the vehicles Driver was driving toward head-on were endan-

gered. Here, although the information indicates the facts and manner in which Driver operated the van in a careless and imprudent manner by passing on the roadway when it was not safe and driving toward vehicles head-on, it fails to name the municipality prosecuting the violation, and the chapter and section providing the penalty or punishment as required pursuant to Rule 37.35(b).

 The information for hazardous driving reads, "In the circuit court of Montgomery County, Municipal Division, on or about July 6, 2002, upon, at or near Highway 19 at dollar store" Driver violated "traffic lanes (passed in no passing zone (marked))" in violation of local ordinance 315.150. The information is signed by the prosecutor.

Ordinance Section 315.150 authorizes the city traffic engineer to mark traffic lanes upon the roadway of any street or highway where necessary. Where such lanes have been marked, "it shall be unlawful for the operator of any vehicle to fail or refuse to keep such vehicle within the boundaries of any such lane except when lawfully passing another vehicle or preparatory to making a lawful turning movement." *Id.*

Here, the information contains sufficient essential facts to apprise Driver of the charges against him. It is clear from the information that Driver refused to keep his vehicle within the boundaries of the lane by passing in a no passing zone. However, the information fails to name the municipality prosecuting the violation, and the chapter and section providing the penalty or punishment as required pursuant to Rule 37.35(b).

Based on the foregoing deficiencies in each information, we reverse Driver's convictions for resisting arrest, driving while revoked, hazardous driving, and operating a motor vehicle in a careless and impru-

dent manner. Since we reverse Point I, which is dispositive of this appeal, we need not address Driver's remaining points.

REVERSED.

SHERRI B. SULLIVAN, P.J., and GLENN A. NORTON, J., concur.